IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KINGSLEY E. NWATUROCHA,           *
  A76-508-055
              Petitioner,           *

    v.                                *   CIVIL ACTION NO. JFM-05-1415

ALBERTO R. GONZALEZ               *
             Respondent.
                      ******

## MEMORANDUM

On May 23, 2005, Kingsley E. Nwaturocha, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee housed at the Worcester County Detention Center in Snow Hill, Maryland,  filed this  28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release.   Petitioner claims that his detention is excessive, punitive, and unconstitutional.

According to the petition, Nwaturocha is a citizen of Nigeria who arrived in the United States in September of 1997, and adjusted his status to a permanent resident alien in May of 2000.  He claims that on January 20, 2005, he was ordered removed by an immigration judge.

Petitioner complains that he was taken into ICE custody on November 19, 2004, and has yet to receive his 90-day custody review.   He seemingly predicates his claims on: (i) the failure of ICE to provide him a custody review under Immigration and Naturalization Act § 241(a), 8 U.S.C. § 1231(a); and (ii) the foreseeability of his removal in the reasonable future.   The court finds, however, that petitioner's post-removal-order custody does not, at present, violate the dictates of  *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Consequently, the case shall be dismissed.

In *Zadvydas*, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States.  *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.*  After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention.  *Id*.

Petitioner claims that he was taken into ICE custody in November of 2004, but was not ordered removed until January 20, 2005. Under Supreme Court caselaw the constitutional challenge to his continued post-removal-order custody is premature.[1]   I find that his current detention violates neither procedural nor substantive due process.  The petition for writ of habeas corpus shall be dismissed without prejudice.

A separate Order follows.


Date: May   27 th, 2005.                    /s/ _____

                                                J. Frederick Motz
                                                United States District Judge


_____

    [1]        District Counsel for ICE has informed this court that petitioner is currently scheduled for removal on or after May 31, 2005.   Paper No. 2.   It would therefore appear that the petition has been rendered moot.